In the Matter of METALTEX, INC., Respondent. EDWARD CORSI,
as Industrial Commissioner, Appellant.

Third Department, November 28, 1951.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown,
Solicitor-General,* and *Francis R. Curran* of counsel), for
appellant.

No appearance for respondent.

HEFFERNAN, J. This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of an unemployment insurance referee overruling an initial determination made by the Industrial Commissioner imposing a penalty against the employer pursuant to section 575 of the Unemployment Insurance Law (Labor Law, art 18).

The issue in this case is whether the penalty imposed by the commissioner upon an employer for failure to file a quarterly payroll report may be sustained where no report has been received by the commissioner, although the employer claims it mailed it on time and where additional demands for reports were ignored by the employer.

Respondent is a domestic corporation and a " covered " employer within the meaning of the statute. On August 19, 1949, a demand was made on the employer for the quarterly payroll report for the second quarter of 1949, which was due on July 31, 1949. Upon receipt of the demand mailed on August 19, 1949, the employer, through its bookkeeper, advised the Division of Placement and Unemployment Insurance that the report for the quarter in issue had theretofore been mailed to the Division, together with a check covering the contributions due thereon on July 27, 1949. On August 31st, the division enclosed new blank forms and advised the employer that no reports were on file and demanded that a report be filed within twenty days. The employer failed to comply with this second demand. On November 23, 1949, the payroll report enumerating forty-nine names was received by the division. More than twenty days having elapsed a determination was issued by the commissioner on November 29, 1949, assessing the employer a penalty of $147 under subdivision 2 of section 575.

The respondent then demanded a hearing before a referee. At this hearing the accountant for the employer testified that a check for the amount of $303.20 was mailed on July 19, 1949, to the division by the bookkeeper. The check which it was claimed was mailed by the employer never cleared the bank and was never received by the division. On November 22, 1949, the employer stopped payment on that check and mailed a duplicate report together with a new check. After hearing the proof the referee overruled the commissioner's determination. The referee held that there was evidence that the employer mailed a report for the quarter in issue. However the referee did say: " There is no question that the mail did not get there ", referring to the first report and check.

The commissioner appealed to the Unemployment Insurance Appeal Board from the referee's decision, and the referee's determination was affirmed.

The referee made a finding, which was adopted by the board, that the quarterly payroll report for the second quarter of 1949 was prepared by the bookkeeper and checked by the accountant on July 19, 1949; that a check was prepared covering the contributions due thereon; and that they were mailed by the shipping clerk on the same date together with other checks. The shipping clerk gave no testimony. According to the accountant the check and the return were mailed by the bookkeeper. The president of the employer gave like testimony. There is also a conflict in the testimony as to the date of mailing. The accountant testified that the check and the return were mailed on July 19th and in a later letter to the division he stated that the mailing took place on July 19th. However in his reply to the August 19th demand by the commissioner, the accountant stated that the report was mailed on July 27th. When confronted with this contradiction he replied: '' I don't have any personal knowledge of what day it went out ''. The president of the employer was unable to state the date of mailing.

If it be assumed that the employer mailed the report during the month of July the proof is clear that it was never received by the commissioner. Under the provisions of the statute in question the employer is required to furnish to the commissioner certain reports upon demand including the quarterly report within twenty days of such demand. Failure to do so incurs the penalty which was imposed here.

The case of *Matter of Wittner & Co.* (269 App. Div. 802, motion for leave to appeal denied, 294 N. Y. 647) does not sustain the respondent's position here. The facts in that case are inapplicable to the case before us.

The decision of the Appeal Board should be reversed and the initial determination of the commissioner sustained, without costs.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur.

Decision of the Appeal Board reversed, on the law, and the initial determination of the commissioner sustained, without costs.